# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN KITTLE**, <br><br> Plaintiff, <br><br> v. <br><br> **AMERICA'S TEST KITCHEN LP**, <br><br> Defendant. | 2:19-cv-11757 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT** |

Plaintiff Steven Kittle filed this putative class action alleging that Defendant America's Test Kitchen LP disclosed his and other consumers' *Cook's Illustrated* magazine subscription information to data aggregators and brokers in violation of Michigan's Preservation of Personal Privacy Act, Mich. Comp. Laws § 445.1711 *et seq*. The initial Complaint was filed by Kittle on June 13, 2019. *See* ECF No. 1. Approximately four months later, he filed a motion for leave to amend his pleading in order to add two additional named Plaintiffs to the lawsuit, and thereby to remedy potential standing problems. *See* ECF No. 15. Defendant America's Test Kitchen filed a response stating that it does not oppose Kittle's motion. ECF No. 19, PageID.167. Accordingly, for reasons stated herein, the Court will grant the motion for leave to amend and permit Kittle to file his Amended Complaint.

1

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within" 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) motion, whichever is earlier." Otherwise, a party may amend its pleading only with written consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In exercising its discretion concerning whether to allow an amendment, "the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 594, 605 (6th Cir. 2001). Although the standard for granting a motion for leave to amend a complaint is liberal, the Sixth Circuit has held that courts should deny amendment if the proposed amended complaint would not survive a motion to dismiss. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980).

On the facts before it, the Court finds justice requires permitting Kittle to amend his complaint. Both parties have suggested Kittle may not be an adequate class representative because he was not a subscriber during the entire challenged time period. Accordingly, Kittle seeks to add two new named Plaintiffs, Leah Chelone, and Carol Bolgnino, who were

in fact subscribers to *Cook's Illustrated* during the entire relevant period and therefore more suitable class representatives. Because Kittle first became aware of his potential standing issues during a September 10, 2019 scheduling conference, the Court finds he did not engage in undue delay by taking approximately 30 days to identify additional potential class representatives and file a motion for leave to amend his pleading. Similarly, the Court finds no evidence of bad faith or repeated failure to cure previous deficiencies in the pleading. Finally, the Court does not believe permitting Kittle to file his Amended Complaint will cause prejudice to Defendant America's Test Kitchen. The factual and legal allegations in the proposed Amended Complaint are largely the same as those included in the original Complaint.

For these reasons, Plaintiff Steven Kittle's motion for leave to amend his Complaint (ECF No. 15) is **GRANTED**.

Dated: December 3, 2019	s/Terrence G. Berg
	TERRENCE G. BERG
	UNITED STATES DISTRICT JUDGE